IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TAVARIS L. MOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-154-D |
| | ) | |
| JOHN MIDDLETON, Assistant Warden, | ) | |
| in his personal and official capacity; | ) | |
| JOSEPH TAYLOR, Warden, | ) | |
| in his personal and official capacity; | ) | |
| JOHN HILLIGOSS, Unit Manager, | ) | |
| in his personal and official capacity; | ) | |
| DON STEER, Chief of Security, | ) | |
| in his personal and official capacity; | ) | |
| LAUREL BOGERT, Case Manager, | ) | |
| in her personal and official capacity; | ) | |
| TOMMY BATTLES, Senior Officer (Sgt.), | ) | |
| in his personal and official capacity; | ) | |
| RAY CHOATES, Unit Manager, | ) | |
| in his personal and official capacity; | ) | |
| and JUSTIN JONES, Director of Okla. | ) | |
| Dept. of Corrections, in his | ) | |
| personal and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## Report and Recommendation

In this suit over prison conditions, Mr. Tavaris Moss has filed a motion for a temporary restraining order. Doc. 27. In addition, he has moved the Court to "answer" the motion. Doc. 36. The Court should grant the motion to provide an "answer," but deny the motion for a temporary restraining order.

In the motion for a temporary restraining order, Mr. Moss says what he thinks the Defendants have done wrong but he does not say what he wants the Court to prohibit in its order. The omission is material, as every temporary restraining order must include a specific statement of terms and a reasonably detailed description of the acts to be restrained. Fed. R. Civ. P. 65(d)(1)(B)-(C); *see Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (*per curiam*).[1] The Plaintiff's motion does not supply the Court with sufficient information to comply with this requirement. As a result, the motion for a temporary restraining order (Doc. 27) should be denied.

The Court should grant the Plaintiff's recent request for an "answer" to his motion for a temporary restraining order (Doc. 36). As noted above, the suggested denial of a temporary restraining order would supply the requested "answer."

The parties can object to this report and recommendation. To object, the party must file an objection with the Clerk of this Court by July 18, 2011. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.). The failure to timely object would foreclose appellate review of the suggested rulings.[2]

The present report does not discharge the referral.

---

[1] There the Supreme Court stated: "[T]he specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt v. Lessard*, 414 U.S. at 476 (citations omitted).

[2] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

2

Entered this 1st day of July, 2011.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge