IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAVARIS L. MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-154-D |
| ) | |
| JOHN MIDDLETON, Assistant Warden, ) | |
| in his personal and official capacity; ) | |
| JOSEPH TAYLOR, Warden, ) | |
| in his personal and official capacity; ) | |
| JOHN HILLIGOSS, Unit Manager, ) | |
| in his personal and official capacity; ) | |
| DON STEER, Chief of Security, ) | |
| in his personal and official capacity; ) | |
| LAUREL BOGERT, Case Manager, ) | |
| in her personal and official capacity; ) | |
| TOMMY BATTLES, Senior Officer (Sgt.), ) | |
| in his personal and official capacity; ) | |
| RAY CHOATES, Unit Manager, ) | |
| in his personal and official capacity; ) | |
| and JUSTIN JONES, Director of Okla. ) | |
| Dept. of Corrections, in his ) | |
| personal and official capacity, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION:
CLAIMS INVOLVING JOHN MIDDLETON, JOSEPH
TAYLOR, JOHN HILLIGOSS, DON STEER, LAUREL
BOGERT, TOMMY BATTLES, AND RAY CHOATE**

The Plaintiff, Mr. Tavaris Moss, is a state inmate housed at Cimarron Correctional Facility. He has sued under 42 U.S.C. § 1983, asserting five causes of action. Three of the claims (Counts One, Two, and Five) relate to endangerment after a guard allegedly disclosed that Mr. Moss had reported misconduct by other prisoners and had been employed as a

correctional officer. The other two claims (Counts Three and Four) relate to denial of the right to petition for redress of grievances and deprivation of due process. Defendants Taylor, Middleton, Choate, Battles, Steer, Bogert, and Hilligoss seek dismissal or summary judgment.[1] The summary judgment motion should be granted with respect to Counts One, Two, and Five. The Court need not address the Defendants' arguments for dismissal or summary judgment on Counts Three and Four. Even if the Defendants' arguments on these counts were invalid, the Court would need to summarily dismiss the claims because they are invalid as a matter of law.

## Counts One, Two, and Five

Defendants Taylor, Middleton, Choate, Battles, Steer, Bogert, and Hilligoss are entitled to summary judgment on Counts One, Two, and Five.

I.   Standard for Summary Judgment

These parties bear the burden to establish their right to summary judgment.[2] Such a judgment is necessary when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] In determining whether the Defendants

---

[1] The Defendants moved for dismissal under Fed. R. Civ. P. 12(b)(6). But because the Defendants relied in part on evidence outside of the second amended complaint, the Court treated the motion as one for dismissal or summary judgment. Order (July 19, 2011); *see* Fed. R. Civ. P. 12(d).

[2] *See Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002).

[3] Fed. R. Civ. P. 56(a).

have satisfied this test, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party."[4]

The Defendants' dispositive motion rests solely on nonexhaustion of administrative remedies. Because this issue involves an affirmative defense,[5] the Defendants "must demonstrate that no disputed material fact exists."[6] If they meet this burden, the Plaintiff would incur a duty to "demonstrate with specificity the existence of a disputed material fact."[7] If the Plaintiff failed to satisfy this duty, the Defendants would be entitled to summary judgment on the affirmative defense of nonexhaustion.[8]

II.     The Exhaustion Requirement

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[9]

---

[4] *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

[5] *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that nonexhaustion is an affirmative defense).

[6] *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) (citations omitted).

[7] *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

[8] *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

[9] Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2006).

III.    The Pertinent Administrative Process

Under the applicable administrative process, an inmate should initially attempt to informally resolve the matter with a staff member.[10] If that attempt is unsuccessful, an inmate may file a request to staff.[11] The prisoner can file a grievance if he is dissatisfied with the result.[12] If the inmate remains dissatisfied, he can appeal to the administrative review authority or the chief medical officer.[13] At that point, the administrative process would be complete.[14]

Mr. Moss filed a grievance, requesting a transfer based on a threat on his life.[15] On August 24, 2010, the acting review authority notified Mr. Moss that authorities had begun an investigation and would decide whether to reassign him to the general population unit, send him to an intensive supervision unit, or transfer him to another facility.[16]

---

[10]    *See* Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Exhibit 5 at ECF p. 7 (July 18, 2011) ("CCF Special Report").

[11]    *See* CCF Special Report, Exhibit 5 at ECF pp. 7-8.

[12]    *See* CCF Special Report, Exhibit 5 at ECF pp. 8-10.

[13]    *See* CCF Special Report, Exhibit 5 at ECF pp. 11-13.

[14]    *See* CCF Special Report, Exhibit 5 at ECF p. 14.

[15]    Second Amended Civil Rights Complaint (Pursuant to 42 U.S.C. § 1983), Attachment B at pp. 2-3 (Apr. 21, 2011) ("Second Amended Complaint").

[16]    Second Amended Complaint, Attachment B at p. 1.

At some point, authorities apparently decided not to authorize transfer to another institution.[17] Dissatisfied, Mr. Moss filed another grievance and again demanded transfer from Cimarron Correctional Facility.[18] The acting review authority denied relief, stating in part that "[t]here [was] no indication that protective measures or transfer [was] warranted at this time."[19] The evidence is undisputed regarding Mr. Moss' failure to appeal denial of this grievance.[20]

In his response brief, Mr. Moss relies on an administrative appeal on February 17, 2011, which followed a subsequent grievance.[21] But by that time, Mr. Moss had already sued.[22] Once the suit began, it would have been too late for Mr. Moss to exhaust administrative remedies.[23]

---

[17]   In the special report, prison authorities submitted evidence regarding the outcome of the investigation. CCF Special Report, Exhibit 3 at ECF p. 6. However, the Court need not consider this evidence to conclude that the moving defendants are entitled to summary judgment on Counts One, Two, and Five.

[18]   Second Amended Complaint, Attachment A at p. 2.

[19]   Second Amended Complaint, Attachment A at p. 1.

[20]   *See* CCF Special Report at p. 14.

[21]   Second Amended Complaint, Exhibit K at p. 2; *see* Plaintiff's Motion in Opposition to Respondent's Motion to Dismiss at p. 3 (July 27, 2011).

[22]   *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Feb. 15, 2011).

[23]   *See Snyder v. Harris*, 406 Fed. Appx. 313, 317 (10th Cir. Jan. 4, 2011) (unpublished op.) ("An inmate is not permitted to complete the administrative exhaustion process *after* he files suit." (citation omitted)); *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) (stating that an inmate plaintiff must resort to the grievance process before he commences court proceedings), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007); *Price v. Shinn*, 178 Fed. Appx. 803, 804-805 (10th Cir. Apr. 28, 2006) (unpublished op.) ("The exhaustion requirement of the PLRA requires that a prisoner's claim be administratively exhausted prior to the filing of the

The evidence does reflect administrative action by Mr. Moss before and after he sued. At the time he brought the suit, however, he had not yet completed the administrative process. As a result, the Court should dismiss Counts One, Two, and Five for failure to exhaust available administrative remedies.

## Counts Three and Four

As noted above, the third and fourth causes of action relate to the alleged failure to entertain Mr. Moss' administrative complaints.[24] According to Mr. Moss, the rejection of his grievances resulted in denial of his constitutional rights to petition for redress of grievances and to enjoy due process before the deprivation of a protected liberty interest.[25] The Defendants rely solely on an exhaustion defense,[26] which presupposes the availability of an administrative remedy for an attack on the agency's process. The parties have not addressed the availability of an administrative remedy for this type of claim. However, the Court need not resolve the exhaustion issue on Counts Three and Four because they are facially invalid and should be summarily dismissed.[27]

---

action in court, rather than during the pendency of that action." (citations omitted)).

[24]   *See supra* p. 2.

[25]   *See supra* p. 2.

[26]   *See supra* p. 3.

[27]   *See Barrett v. Pearson*, 355 Fed. Appx. 113, 116 (10th Cir. Oct. 26, 2009) (unpublished op.) (holding that a court can summarily dismiss a complaint as frivolous under 28 U.S.C. § 1915(e) and decline to rule on the defendants' summary judgment motion).

Because the Plaintiff is appearing *in forma pauperis*, the Court must screen Counts Three and Four to determine whether they state a claim on which relief can be granted.[28]

As noted above, Count Three involves denial of the right to petition for the redress of grievances.[29] There Mr. Moss complains of the failure to entertain a grievance that he regarded as "sensitive" within the meaning of the applicable policy. Even if prison authorities had misapplied the policy, however, they would not have violated the First Amendment by failing to respond to the grievance.[30] Thus, Count Three should be summarily dismissed for failure to state a claim on which relief can be granted.

In Count Four, Mr. Moss has apparently repackaged the same claim as one for deprivation of due process. For this count, Mr. Moss has reiterated his claim for denial of the right to petition for redress of grievances and added a theory involving the right to court access.[31]

---

[28]   *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) (2006).

[29]   *See supra* p. 2.

[30]   *See Trentadue v. Integrity Committee*, 501 F.3d 1215, 1237 (10th Cir. 2007) ("the right to petition confers no attendant right to a response from the government" (citation omitted)); *see also Hornsby v. Jones*, 188 Fed. Appx. 684, 690 (10th Cir. June 26, 2006) (unpublished op.) (holding that an inmate's right to petition for a redress of grievances is not "per se compromised by the prison's refusal to entertain his grievances" (citation omitted)); *accord Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (*per curiam*) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." (citation & footnote omitted)).

[31]   Second Amended Complaint at p. 7.

To prevail on a claim involving denial of court access, the Plaintiff must plead facts that suggest an "actual injury."[32] Even if prison authorities had improperly rejected or failed to respond to grievances, Mr. Moss has not tied these actions to an inability to sue.

The Tenth Circuit Court of Appeals addressed a similar issue in *Hornsby v. Jones*, 188 Fed. Appx. 684 (10th Cir. June 26, 2006) (unpublished op.). There an Oklahoma prisoner sued prison officials under Section 1983, claiming in part that their failure to respond to administrative grievances had resulted in a violation of the First Amendment.[33] The Tenth Circuit Court of Appeals acknowledged that "[t]he constitutional right to petition the government for redress of grievances include[d] a reasonable right of access to the courts."[34] But the claim was still deficient because of the failure to allege any prejudice.[35] The court reasoned that the inmate's "'invocation of the judicial process indicate[d] that the prison [had] not infringed his First Amendment right to petition the government for a redress of grievances.'"[36]

---

[32] *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2003) (holding that to prevail on a claim involving court access, the plaintiff "'must show that any denial or delay of access to the court prejudiced him in pursuing litigation'" (citation omitted)).

[33] *See Hornsby v. Jones*, 188 Fed. Appx. 684, 690 (10th Cir. June 26, 2006) (unpublished op.).

[34] *Hornsby v. Jones*, 188 Fed. Appx. 684, 690 (10th Cir. June 26, 2006) (unpublished op.) (citing *Hudson v. Palmer*, 468 U.S. 517, 523 (1984)).

[35] *Hornsby v. Jones*, 188 Fed. Appx. at 684, 690 (10th Cir. June 26, 2006) (unpublished op.).

[36] *Hornsby v. Jones*, 188 Fed. Appx. 684, 690 (10th Cir. June 26, 2006) (unpublished op.) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)).

*Hornsby v. Jones* is persuasive in the present fact-pattern. Regardless of the alleged irregularities in the grievance process, Mr. Moss was ultimately able to bring the present action for all of his underlying claims.

As discussed above, Mr. Moss did fail to exhaust Counts One, Two, and Five.[37] But these claims should be considered unexhausted because of inaction by Mr. Moss rather than the actions of prison officials.[38] Thus, Mr. Moss has not alleged any facts that would suggest a plausible finding of actual injury through the alleged irregularities in the administrative process.

In these circumstances, the Court should summarily dismiss Counts Three and Four for failure to state a claim on which relief can be granted. With this ruling, the Court would not need to decide whether an available administrative remedy exists for the allegations in Counts Three and Four.

---

[37] *See supra* pp. 2-6.

[38] *See supra* pp. 2-6. If prison officials had thwarted Mr. Moss' ability to pursue administrative proceedings, he would not have needed to exhaust the claims. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." (citation omitted)).

<u>Notice of the Right to Object</u>

The parties can object to this report by filing an objection with the Clerk of this Court by December 22, 2011.[39] The failure to timely object would foreclose appellate review of the suggested rulings.[40]

<u>Status of the Referral</u>

The present report does not discharge the referral.

Entered this 5th day of December, 2011.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[39] *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.).

[40] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).